UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALLEN TRAPP,

    Plaintiff,                                    Civil Action No. 2:14-CV-12235
v.                                            HONORABLE ARTHUR J. TARNOW
                                               UNITED STATES DISTRICT JUDGE

ERIC HOLDER,

    Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

This matter is before the Court on Joseph Allen Trapp's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at the Alger Maximum Correctional Facility in Munising, Michigan. The Court has reviewed plaintiff's complaint and now dismisses it for failing to state a claim upon which relief can be granted.

**II. STANDARD OF REVIEW**

In order to state a claim under 42 U.S.C.§ 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245,

1

*Trapp v. Holder,* U.S.D.C. 2:14-CV-12235

1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III.  **COMPLAINT**

Plaintiff wishes to have his name "Joseph Allen Trapp" copyrighted. Plaintiff seeks copyright protection for his name, as well as monetary and other relief.

### IV.  **DISCUSSION**

A person's name or likeness is not considered a "work of authorship" within the meaning of the Copyright Act, and is therefore not subject to copyright protection. *See Downing v. Abercrombie & Fitch,* 265 F. 3d 994, 1004 (9th Cir.

*Trapp v. Holder,* U.S.D.C. 2:14-CV-12235 2001); *See also Brown v. Ames*, 201 F.3d 654, 658 (5th Cir. 2000)("A persona does not fall within the subject matter of copyright."); *Landham v. Lewis Galoob Toys, Inc.,* 227 F.3d 619, 623 (6th Cir. 2000)(personal identity is "an inchoate 'idea' which is not amenable to copyright protection."); *Stanford v. Caesars Entertainment, Inc.*, 430 F. Supp. 2d 749, 756 (W.D. Tenn. 2006)(a person's image, persona, or likeness is not copyrightable); *Seifer v. PHE, Inc.,* 196 F. Supp. 2d 622, 628 (S.D. Ohio 2002)(plaintiff's name and likeness not copyrightable).  Because plaintiff is unable to obtain copyright protection for his name, his complaint fails to state a claim upon which relief can be granted.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

　　　　　　　　　　　　S/Arthur J. Tarnow  
　　　　　　　　　　　　Arthur J. Tarnow  
　　　　　　　　　　　　Senior United States District Judge

Dated: June 19, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 19, 2014, by electronic and/or ordinary mail.

　　　　　　　　　　　　S/Catherine A. Pickles  
　　　　　　　　　　　　Judicial Assistant